AMES, *Administratrix*, v. SCUDDER *et al.*

1.  **Will, Execution of**: POWER IN TRUSTEE.  Where trustees under a; will are empowered " to pay and discharge the several legacies * * * in money or in real or personal property, or both, in such manner and at such valuations " as shall seem to them "fair and just," an entry upon the books of the firm of which one of the trustees is a member crediting the legatee with a sum in cash equal to the assumed value of certain lands is insufficient to pass title to the land to such legatee.

2.  —— : —— : STATUTE OF FRAUDS.  Under such a will, in order to vest title to particular land in a legatee, or to create a special trust in the trustees for such legatee in such lands as they may assign him in payment of his legacy, the divestiture or the trust must be declared

*This syllabus is taken from 11 Mo. App., p. 601.

by some memorandum in writing which will satisfy the statute of fraud.

3.   Equity: PRACTICE.   A court of equity in adjusting property rights must treat the titles as it finds them whether properly set forth in the pleadings or not.

4.   Trustees: COMPOUND INTEREST.   Compound interest will not be charged against negligent trustees where the facts do not indicate a withdrawal of the funds from their legitimate channels of accumulation or a realization by the trustees of profits on the assets, and do not raise a presumption that the assets would have been increased by a more strict adherence by the trustees to their line of duty.

5.   Trustees' Commissions.   Commissions on cash disbursements duly approved will not be denied trustees where there is no such mismanagement as to cover up or diminish the fund and no appropriation of it or its proceeds by the trustees to their own use.

6.   Will: POWER IN TRUSTEES.   Where a will empowers the trustees thereunder to set apart stocks to a legatee in lieu of other property, a designation or setting apart of such stocks by the trustees to such legatee vests the title thereto in him.

7.   Trustees, Discretion of: WILL.   Where the will places certain acts within the discretion of the trustees who have exercised that discretion and have consummated its purpose, courts of equity will not set aside and substitute their own discretion.

8.   Will: LEGATEE.   Where the value of property set apart to a legatee is not fixed in accordance with the will, such valuation may be corrected by a court of equity.

9.   Will: LEGATEE, ALLOTMENT TO.   Where an allotment has been made, the legatee will be treated as the owner of the property thus allotted from that date until the sale by an order of the court.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*G. G. Vest* and *G. P. B. Jackson* for Lucy V. S Ames.

*Broadhead & Haeussler, Krum & Jonas, Douglas & Scudder* and *R. A. Campbell* for W. H. Scudder and John A. Scudder.

---

* These syllabi are taken from 11 Mo. App., pp. 168–9.

NORTON, J.—Henry Ames died in August, 1866, leaving a will in which, after making specific devises to his widow, he devised the entire remainder of his estate in trust to his brother, Edgar Ames, for the payment of certain bequests therein mentioned, among which was one to his son, Henry Ames, for $200,000 and another to his brother, Edgar Ames, for $100,000. Edgar Ames was made the executor of the will, and was vested with full and large powers, both as executor and trustee, as shown by the following extracts from said will: "I appoint my brother, Edgar Ames, executor of this my will, and I hereby give and grant unto the said Edgar Ames, both in his capacity as executor and also in his capacity as trustee hereunder, full power to transfer, sell and convey, by deed of general warranty or otherwise, any of my real or personal estate, or interest therein, from time to time, as he may see fit, to invest the proceeds thereof and change the investment at pleasure, and generally to manage the estate and property belonging to my estate as if they were his own, for the benefit of said trust; to arrange, compromise or compound any debts owing to me, or to the firm of Henry Ames & Co., in the manner he shall judge best; and I furthermore give him the power to pay and discharge the several legacies and bequests herein provided to be paid out of said trust fund in money or in real or personal property or both, in such manner and at such valuations as should appear to him fair and just. And in order that the estate so devised and bequeathed to him as trustee may be managed in the most efficient way to pay without detriment or sacrifice the several legacies and bequests, and that sufficient time be given to make the assets most productive, I hereby direct that, with the exception of the annuities to said John Bliss and to his wife, and said sum to said Judy, that, though said trustee is at liberty to pay said several legacies and bequests or any of them when he sees fit, yet he shall not be obliged to pay any of said legacies until after the expiration of five years from

the time of my death, and such payment, when made, shall be without interest on such bequests."

The will, also, provided in case of the death, disability or refusal of Edgar Ames to act as executor, for the appointment of the defendants, John A. and William H. Scudder (or the survivor of them), as executors and trustees. Edgar Ames qualified as executor of the will, but died in December, 1867, without having paid any of the legacies. Upon his death John A. and William H. Scudder qualified as executors of the said will, and after paying off certain legacies having priority over that of Henry Ames set apart to him certain stocks and lands at a total valuation of $199,993.25. The plaintiff in this case became the administratrix of the estate of Edgar Ames and instituted this suit in the circuit court, alleging, among other things, that no part of the legacy of $100,000 to her intestate, Edgar Ames, had been paid; that the lands set apart to Henry Ames at a valuation of $140,798.25 were in fact worth $240,000; that the stocks set apart to him at a valuation of $44,320, were in fact worth $66,480. The petition prays that an account be taken of the trust estate, its nature and value, that a fair valuation be made under the order of the court, and that the defendants be ordered to set apart and deliver to the legal representative of Edgar Ames, deceased, the amount of said legacy with interest.

Issues were made by answer and the case was sent to a referee, and the circuit court in its final decree approved and confirmed the action of the trustees as to the real estate set apart to Henry Ames, Jr., but disapproved and annulled their action in setting apart the stocks. From this decree both plaintiff and defendants appealed to the St. Louis court of appeals, which reversed the judgment and decree of the circuit court holding the setting apart of the real estate to Henry Ames to be null and void, and that the fair value of the stocks when they were allotted to him should be charged to him, but that he should be credited with all dividends realized up to the sale of the

stocks under the judgment of the circuit court, less the amount of his own purchases.

From the judgment of the St. Louis court of appeals both parties appealed to this court, and after a careful examination of the record, briefs of counsel and authorities, and the well considered opinion of the court of appeals delivered by Lewis, P. J., we affirm the judgment of that court, and accept what is there said as a full and fair statement of the facts, and a correct application of the law to them. The opinion is reported in 11 Mo. App. 168, in which the facts of the case are fully stated and the legal principles applicable to them so fully discussed as to render it unnecessary for us to write a mere formal opinion, merely to repeat in other language what has been so well said there. The judgment of the court of appeals is affirmed and the case remanded to that court, with directions to remand the cause to the circuit court, to be proceeded with according to the opinion by it rendered. All concur.